IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA LANG WHIGAN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )  Case No. 2:24-cv-399-MHT-CSC |
| | )        (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    Introduction**

Petitioner Joshua Lang Whigan is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 1). On August 9, 2017, Whigan was found guilty on a charge of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1).[1] The district court sentenced Whigan to a 180-month term of imprisonment, 60 months of which was set to run concurrently with the sentences Whigan was serving on various state charges.[2]

On September 18, 2019, Whigan filed his first § 2255 motion, wherein he asserted that the government failed to prove essential elements of the offense and his counsel was ineffective for failing to object to the same.[3] On May 31, 2022, the district court concluded that Whigan's motion lacked merit and entered a dismissal with prejudice.[4]

Whigan filed his second § 2255 motion on July 10, 2024. (Doc. 1). However, Whigan has failed to provide any proof that he has obtained permission from the Eleventh Circuit prior to filing

---

[1] *See* 2:16-cr-568-MHT-CSC at Doc. 69 and Doc. 93, p. 1.
[2] *See id*. at Doc. 93, p. 2.
[3] See 2:19-cv-685-MHT-CSC at Doc. 1, pp. 4-5.
[4] *See id*. at Docs. 35 and 36.

a successive motion. Thus, the Magistrate Judge finds that the instant § 2255 motion is due to be dismissed the motion for lack of jurisdiction because Whigan has not first obtained permission from the Eleventh Circuit.

## II.   Discussion

The Antiterrorism and Effective Death Penalty Act provides that, to file a second or successive § 2255 motion, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court in turn must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); s*ee also In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) ("The bar on second or successive motions is jurisdictional.").

Whigan presents no evidence of having obtained authorization from the Eleventh Circuit to file the successive § 2255 motion that is currently before the court. Subject matter jurisdiction therefore is lacking, and dismissal is required. *See Farris*, 333 F.3d at 1216; *see also Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## III.   Conclusion

For these reasons, it is the **RECOMMENDATION** of the Magistrate Judge that Whigan's § 2255 motion (Doc. 1) be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **November 19, 2024**.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 5th day of November 2024.

 /s/ Charles S. Coody
**CHARLES S. COODY**
**UNITED STATES MAGISTRATE JUDGE**